25565. SAINT PAUL FIRE AND MARINE INSURANCE COMPANY *v.* C. I. T. CORPORATION, etc.

Decided November 28, 1936.   Rehearing denied December 12, 18, 1936.

*Smith, Smith & Bloodworth, W. H. Smith,* for plaintiff in error.
*J. A. Drake, C. A. Drake, John E. Drake, J. C. Hale,* contra.

Sutton, J.   On August 12, 1935, an action on a policy of fire insurance was instituted against the St. Paul Fire and Marine Insurance Company, in the name of the C. I. T. Corporation for the use of W. H. Houston. The insurance company denied liability, setting up that the policy had been canceled. The matter was submitted to the judge without a jury on substantially the following agreed statement of facts: On May 26, 1934, a policy of fire insurance was issued by said company in favor of the C. I. T. Corporation, with notice of insurance coverage issued to W. H.

Houston, of Colquitt, Georgia, for the period of one year. Houston had purchased from a local dealer a Plymouth sedan automobile, paying part cash and executing a note for the balance, together with a conditional-sale contract conveying the title to the automobile to secure its payment, which had been assigned to the C. I. T. Corporation. The premium on this insurance was paid by Houston. The policy and insurance-coverage certificate provided that "this policy may be canceled at any time by this company by giving the assured five-days written notice of cancellation, with or without tender of the excess of paid premium above the pro-rata premium for the unexpired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium, if not tendered, will be refunded on demand. Notice of cancellation mailed to the address of the assured stated in this policy shall be a sufficient notice. . . On November 8, 1934, the New York office of the company deposited in the United States mail, with three-cent stamp attached, as first-class mail matter, a notice addressed to W. H. Houston at Colquitt, Ga., stating that this policy was canceled, which notice through the usual course of delivery of mails would have reached Houston at Colquitt on November 10, 1934. Houston did not receive this notice. On November 17, 1934, this automobile was destroyed by fire. On November 19, 1934, Houston received a notice from the C. I. T. Corporation that the policy had been canceled, and at the same time this corporation tendered to Houston the unearned premium, which Houston declined to accept. Due notice of the loss was given and due proof of loss filed with the insurer, and more than sixty days before suit was filed Houston made a demand on the company for payment of his claim. The judge found in favor of the plaintiff the amount of the loss and twenty-five per cent. attorney's fees. To this judgment the defendant excepted.

The right to cancel a policy of insurance can be exercised only because it is reserved in the policy, and can be exercised only as therein provided. *Farmers Mutual Fire Insurance Co.* v. *Harris,* 50 *Ga. App.* 75, 81 (177 S. E. 65). "Where notice is required to be given, it is generally held, in the absence of anything appearing to the contrary, that the notice is not complete until it is received; and that while mailing a notice duly directed and stamped may

furnish presumptive evidence of its receipt, it does not alone constitute notice." *Puryear* v. *Farmers Mutual Insurance Association,* 137 *Ga.* 579, 581 (73 S. E. 851). "An insurance company which reserves to itself the right to cancel its policies upon return of the unearned premium, must pay or tender such premium to the assured, before it can relieve itself of liability on the policy. Notice of its intention to cancel, with mere announcement of its readiness to pay, is insufficient." *Hollingsworth* v. *Germania Fire Insurance Co.,* 45 *Ga.* 294 (12 Am. R. 579). See also *Alliance Insurance Co.* v. *Poss,* 40 *Ga. App.* 322 (149 S. E. 433) ; *Farmers Mutual Fire Ins. Co.* v. *Harris,* 50 *Ga. App.* 75, 83 (177 S. E. 65). The rules and principles laid down in these cases, which are cited and relied on by counsel for the defendant in error, would be applicable and controlling in the present case were it not for the contractual provision in the policy and certificate with reference to how the notice of cancellation and return of unearned premium could be 'effected. But conditions and stipulations in a policy of fire insurance, not contrary to statute or public policy, are binding on both the insured and the insurer; and where a method of giving notice is provided in the policy, and the insurer pursues that method, and the notice of cancellation is given to the insured as therein provided, the policy is canceled, and as to a loss occurring thereafter the insurer will not be liable. While the burden is on the party asserting cancellation as a defense to prove the same (*Home Insurance Co.* v. *Chattahoochee Lumber Co.,* 126 *Ga.* 334, 55 S. E. 11), where it appears that a policy of fire insurance provides that it may be canceled by giving the insured five days written notice of cancellation, with or without tender of the excess of paid premium, which excess, if not tendered, shall be refunded on demand, and that "notice of cancellation mailed to the address of the assured stated in this policy shall be a sufficient notice," and where it appears from the undisputed agreement of facts that the insurer mailed notice to this address of the insured within time to have reached the insured more than five days before the property was destroyed by fire, and the unearned premium was tendered to the insured two days after the property was destroyed by fire, there has been a cancellation of the policy before loss, even though the evidence is that the insured never received the notice mailed to him. Code, §§ 56-801, 56-815; 46 C. J. 559; *Clay* v.

*Phœnix Ins. Co.,* 97 *Ga.* 44, 52 (25 S. E. 417) ; *Cherokee Brick Co.* v. *Ocean Accident &c. Cor.,* 21 *Ga. App.* 702 (94 S. E. 1032) ; Raiken *v.* Commercial Casualty Insurance Co. (N. J. Sup.), 135 Atl. 479; McBride *v.* New Amsterdam Casualty Co., 12 N. J. Misc. 617 (173 Atl. 346) ; Fidelity & Casualty Co. *v.* Riley, 168 Md. 430 (178 Atl. 250) ; Wolonter *v.* United States Casualty Co., 126 Va. 156 (101 S. E. 58). Under the facts of this case, the notice of cancellation mailed to W. H. Houston was sufficiently specific to identify the policy and certificate to which it referred. Applying the above rulings, the judgment finding in favor of the plaintiff was contrary to the law and the evidence.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR RECONSIDERATION.

SUTTON, J.   It is contended, in a motion for reconsideration of the motion for rehearing, that the provisions of the policy sued on, with reference to the giving of notice of the cancellation of the policy and return of the unearned premium, did not comply with the requirements of the standard form of insurance contract adopted by the insurance commissioner of this State. This point was not raised by the pleadings or the evidence, and was not passed on by the trial court, and therefore it can not be considered here.