## 47709, 47710. GARNER v. GOVERNMENT EMPLOYEES INSURANCE COMPANY; and vice versa.

PANNELL, Judge. Barbara V. Garner had an automobile insurance policy with Government Employees Insurance Company with comprehensive coverage, the effective dates of the policy being

August 20, 1970 to August 20, 1971. On August 30, 1971, her automobile was stolen and recovered in a damaged condition, and upon refusal of the insurer to pay, she brought an action under the policy based upon the provisions of § 56-2430.1 (C) of the Georgia Insurance Code, which, as last amended by Section 3 of the Act approved April 10, 1971 (Ga. L. 1971, pp. 658, 660) provides in part: "(C) (1) No insurer shall fail to renew a policy to which this section applies unless a written notice of nonrenewal is mailed or delivered to the named insured, at the address shown on the policy, at least 20 days prior to the expiration date of the policy, . . .", and "(2) This subsection shall not apply . . . (c) if the insurer has manifested its willingness to renew by delivery a renewal policy, renewal certificate or other evidence of renewal to the named insured or his representative or by offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention by any other means." The jury returned a verdict in favor of Barbara V. Garner in the total amount of $4,274.23, which included $1,786.85 the principal sum, $46.71 bad faith penalty and $2,180.97 attorney fees, less a set-off of $140.30 due as premium under the policy. Barbara V. Garner appealed to this court from an order of the trial judge reducing the amount of the verdict and judgment by the amount of attorney fees and the penalty, and the Government Employees Insurance Company appeals from that portion of the judgment granting recovery against it and denying its motion for judgment non obstante veredicto. *Held:*

1. Is a policy automatically renewed in the event of failure on the part of the insurer to mail the required notice of intention not to renew, or to comply with the subsequent provisions preventing application of the first sentence of the section? Unless it has such effect, the section would be meaningless; so we agree with the parties who have taken the same position on the appeals.

2. There was no notice of intention not to renew and no contention that one was given. The insurer does contend, however, that the policy expires by its own terms because (1) the evidence demands a finding it mailed a notice of willingness to renew to the plaintiff approximately 45 to 50 days before the expiration of the policy, and another some 20 days prior to the expiration of the policy, and (2) if the evidence does not so demand, the acts of the insurer in using its computer in attempting to mail such notices demands a finding that it "has manifested such intention by other means." While mailing alone as to a notice of *intent not to renew* is

expressly provided by the statute to be a sufficient giving of that notice (Code § 56-2430.1 (D)); yet no such express provision is made for the giving of the notice of willingness or intent *to renew,* so as to prevent the automatic renewal of the policy because of failure to give the notice which could have been made by mailing alone. Under either of the well-known rules as to construction of legislative enactments expressio unius est, exclusio alterius, or expressum facit cessare tacitum, we cannot, by implication hold that the mere mailing, without receipt by the addressee, constitutes notice of intent or willingness to renew. See *Crawford v. Glasgow,* 86 Ga. 358 (12 SE 747); *Parham v. Justices of the Inferior Court,* 9 Ga. 341, 346; *City of Macon v. Walker,* 204 Ga. 810 (2) (51 SE2d 633). Therefore, even should we assume that the evidence demands a finding the notices referred to above were mailed to the plaintiff, although it does not, mailing alone would not demand a finding plaintiff received the notice or renewal certificate. She denied receiving either of them. That these notices contained an offer to renew, if unreceived, did not constitute an offer to the plaintiff to renew. That one puts in writing an offer, the writing, unless communicated to the offeree, constitutes no offer under this section. In our opinion, the same rationale applies to the language "or has manifested such intention by any other means." The manifestation here required must be to the insured, not to the employees and officers of the insurer, therefore, even the mailing of an unreceived notice of such intentional willingness to renew is not such a manifestation under this portion of the statute. However, assuming arguendo that an attempt to mail, or an actual mailing, is a sufficient manifestation under the section, the evidence does not demand a finding such action occurred. The evidence merely showed that a computer was set up to send notices required and that *in the usual course of office procedures,* these notices were sent to a mailing room to be properly addressed and stamped and mailed to the insured. Other than this, there was no evidence of the proper addressing, affixing or proper postage, and the mailing of the two notices directed to the insured here. We, accordingly, must hold that the recovery under the policy, as having been automatically renewed, was authorized.

3. Under these circumstances it is not necessary to decide whether or not the insurer is estopped to claim the policy was not in force because of the actions of and promises of the adjuster. See in this connection *Assurance Co. of America v. Bell,* 108 Ga. App. 766

(134 SE2d 540); *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14.
4. Because the present case involves the first construction of this statute by this court as to the particulars herein involved, we are of the opinion that refusal to pay under the circumstances was not a frivolous and unfounded denial of liability, and hold that the trial judge did not err in striking the attorney fees and bad faith penalty from the judgment. See *U. S. Fidelity &c. Co. v. Woodward,* 118 Ga. App. 591, 594 (164 SE2d 878).

*Judgments affirmed. Stolz, J., concurs. Eberhardt, P. J., concurs specially.*

ARGUED JANUARY 9, 1973 — DECIDED MAY 18, 1973 —
REHEARING DENIED JUNE 19, 1973 —

*Paul C. Myers,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, L. Robert Lake,* for appellee.

EBERHARDT, Presiding Judge, concurring in the judgment, and dissenting in part. I am in agreement with and concur in rulings made in Divisions 1, 3, and 4 of the majority opinion, and with the judgment of affirmance. However, I can not agree with the conclusion in Division 2 that there must be an actual delivery to the insured of a manifestation of the insured's willingness to renew the policy, such as, for instance, a statement for the premium for the renewal.

This ruling places a higher requirement upon the evidencing of a *willingness* to renew than does the statute or the ruling as to what is necessary to evidence an *unwillingness* to renew, or an intention to cancel the coverage.

The statute itself makes no requirement of *actual* delivery. See Ga. L. 1968, pp. 1126, 1127 (Code Ann. § 56-2430.1 (C, D)). Rather, it provides that notice of an intention not to renew, or to cancel, shall be sufficient if mailed "to the named insured at the address shown in the policy." No provision of the law requires proof that the notice was actually received by the insured. See and compare *St. Paul Fire & Marine Ins. Co. v. C. I. T. Corp.,* 55 Ga. App. 101, 103 (189 SE 390); *Genone v. Citizens Ins. Co.,* 207 Ga. 83, 86 (60 SE2d 125).

As to notice of an intention to renew, the statute provides that this may be accomplished by delivering a renewal policy or certificate, or offering to issue a renewal policy or certificate, or by the manifestation of such an intention *by any other means.*

There is evidence in the record which, if believed, would authorize a finding that a notice of the premium charge for renewing the policy was sent to the insured at the address listed on the policy, albeit this was done by a computer into which the information was placed and which automatically mailed out such notices unless action were taken to cancel the mailing. The insured had moved from 2995 Piedmont Road, the address shown on the policy to 1393 West Peachtree Street, some weeks or months before expiration of the policy period. She testified that she had filed with the Post Office a change of address notice, and denied that she ever received such a notice from the company.

These facts were sufficient to raise a jury issue as to whether the notice was mailed. If the jury should believe that it was mailed, but not received, it is my view that by the mailing of the notice to the address listed on the policy the intention to renew was manifested, whether the notice was received or not, and hence was within the statutory requirement, and, having thus complied, failure of the insured to remit the premium resulted in terminating the coverage at the end of the policy period. If, on the other hand, the jury should believe that the notice was not mailed at all, it would be authorized to find that there had been no action by any means to inform the insured of its willingness to continue the coverage upon payment of the premium, and the policy was continued in force by operation of law.

This situation is not, as the majority suggests, similar to or the same as that in the ordinary situation where one party seeks to enter into a contract with another as an original proposition by the making of an offer. Certainly, in that stance the offer must be made known to the other party, for otherwise he cannot act upon it. Here there was a contract already in existence, and a statute which, contrary to the usual situation, continues the contract in existence unless one of the parties (the insurer) declines to continue it by the mailing of a notice—which it is not required that the insured receive. Surely, if the insurer is willing to continue the contract upon the payment of the premium there is no greater burden in the giving of notice to the insured. I cannot so construe the statute.

I agree, however, that the evidence was such that the jury was authorized to conclude that no notice indicating a willingness to continue the contract in effect was mailed to the insured, and thus I concur in the judgment.