68208. SMITH v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.

BANKE, Presiding Judge.

The appellant sued to collect survivor's benefits allegedly owed to her under the "no-fault" provisions of a policy of automobile accident insurance issued to her deceased husband by the appellee insurance company. She appeals the trial court's grant of summary judgment to the insurer.

The appellant's husband applied for the policy on July 23, 1980, tendering with his application a $248 down payment towards a total annual premium of $746. On August 15, 1980, the insurer mailed him a policy with an expiration date of October 14, 1980, explaining in an accompanying notice that the coverage period had been limited to the period of time covered by his down payment. The notice stated: "This action was necessary because [traffic] violation information recorded on application does not agree with violation information developed. If you still desire a policy term as applied for, please see your agent and resubmit a new application and premium finance agreement based on an annual premium of $1,095 . . . Your new policy would cover a period from 10/14/80 to 10/14/81." The appellant's husband did not submit a new application or pay any additional premium. He died as the result of an automobile accident which occurred on December 20, 1980. *Held:*

The trial court did not err in granting the insurer's motion for summary judgment, as it appears without dispute from the evidence of record that the policy was not in force on the date of the accident. The appellant's contention that the insurer was required to send her husband a written cancellation notice pursuant to OCGA § 33-24-44 (former Code Ann. § 56-2430) as a condition precedent to discontinuing coverage is without merit. In the first place, the code section applicable to cancellation of automobile policies is not § 33-24-44 but § 33-24-45 (former Code Ann. § 56-2430.1). Furthermore, the insurer did not cancel the policy. Rather, the policy lapsed by its own terms due to the insured's failure to apply for a renewal policy and pay a renewal premium as required by the insurer. Because of this failure to pay a premium for renewal coverage following the insurer's manifestation of its willingness to renew, no written notice of non-renewal was required. See OCGA § 33-24-45 (f) (2, 3). Accord *Whitlock v. Dairyland Ins. Co.*, 160 Ga. App. 113 (1) (286 SE2d 343) (1981); *Southern Gen. Ins. Co. v. Gailey*, 168 Ga. App. 102 (308 SE2d 219) (1983); *Wheeler v. Standard Guaranty Ins. Co.*, 168 Ga. App. 565 (309 SE2d 805) (1983). The appellant's reliance upon such cases as *Howard v. American Southern Ins. Co.*, 148 Ga. App. 25 (251 SE2d 7) (1978), and *Penn. Nat. Mut. Cas. Ins. Co. v. Person*, 164 Ga. App. 488 (297 SE2d 80) (1982), is misplaced, since in those cases the insurers sought to cancel existing coverage during the policy period.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 3, 1984 —
REHEARING DENIED MAY 17, 1984 — 

*Timothy A. Siler*, for appellant.
*Richard B. Eason, Jr.*, for appellee.