74819. STRICKLAND GENERAL AGENCY v. PURITAN INSURANCE COMPANY.
(361 SE2d 186)

DEEN, Presiding Judge.

Appellant Strickland General Agency, Inc. (Strickland), is an insurance agency acting as general agent for appellee Puritan Insurance Company (Puritan). At some time prior to the incidents giving rise to the action below, Strickland had authorized the issuance of a fire insurance policy on behalf of Puritan to Mrs. Ada Kinney, insuring a residential dwelling in Dallas, Ga. The policy, issued through the Hart Insurance Agency (Hart), was for a one-year term beginning April 9, 1984, and expiring April 9, 1985. Mrs. Kinney died January 24, 1985. On February 25, 1985, a Mrs. Rich, who purported to represent Mrs. Kinney's estate, telephoned Ms. Roberts, a Hart agent, and informed her that Mrs. Kinney had died, the house was vacant, and she did not wish to continue the existing insurance coverage. On that same day Ms. Roberts sent Strickland the following memorandum: "We have

been informed today that [Mrs. Kinney] passed away 1-24-85, and the house is vacant. Please issue notice of cancellation direct. Your help in this matter is appreciated." Across the bottom of the memorandum appears the following longhand notation written by a Strickland representative: "Told agent 3/13 we need policy to cancell [*sic*]. Can not mail notice. Not enough time or policy." Strickland sent no notice of cancellation or nonrenewal. On April 10, 1985, a fire destroyed the property, and Puritan, in response to a demand by Mrs. Kinney's estate, paid the sum of $26,000, on the basis that no notice of nonrenewal had been sent and that the policy had therefore, by operation of law, continued in effect.

Puritan brought an action against Strickland in the State Court of Fulton County, alleging that Strickland's failure to send the notice, OCGA § 33-24-46, constituted both a breach of the agency agreement and a breach of the fiduciary duty owed to Puritan by Strickland. Both sides moved for summary judgment, and on February 18, 1987, the trial court granted Puritan's motion and denied that of Strickland. Strickland appeals, enumerating as error (1) the trial court's ruling that notice of nonrenewal is required under OCGA § 33-24-46; (2) the trial court's ruling that notice of cancellation is required under this same statute; (3) the court further erred in concluding that an insurance policy on a residential dwelling cannot expire on its own terms without requiring notice of nonrenewal or cancellation; and (4) that the court erred in granting plaintiff's motion for summary judgment and denying defendant's motion. *Held*:

In its order the trial court held that the statute controlling the issues raised in the instant case is OCGA § 33-24-46, which deals specifically with "Cancellation or nonrenewal of property insurance policies," rather than OCGA § 33-24-44, which provides for "Cancellation of policies generally" and is somewhat less stringent as to the fine points of its requirements. (It should be noted, however, that, with certain specific exceptions, both Code sections require thirty days' written notice prior to cancellation.) The trial court further held that under the terms of the subject policy itself, as well as under the controlling statute, the insurer is required to give the insured at least thirty days' written notice of nonrenewal; otherwise, the policy is automatically renewed. The trial court also held that, had Strickland acted promptly upon receipt of the memorandum from Ms. Roberts stating that a cancellation notice should be sent because the property was vacant, Strickland would have had ample time to send a timely notice of cancellation to take effect on or before April 9, 1985, the date to which the coverage of the policy, by its own terms, extended. The court held, moreover, that it was Strickland's failure to take such timely action which placed Puritan in the position of having to decide whether to deny coverage (with the attendant prospect of litigation)

or to pay.

We agree with the trial court's analysis of the situation. Supposing, *arguendo*, that the Hart agent's memorandum to Strickland had required as much as three days to make its way through the mail, there yet remained ample time — had Strickland taken timely action — to issue the required notice of nonrenewal and to request return of the policy.[1] In the fact situation of the instant case, the decisions cited by Strickland in support of its proposition that the situation was one of lapse or expiration, and therefore was not subject to the notice requirements of OCGA § 33-24-46, simply do not support that proposition; nor does other relevant law we have examined in this connection. Strickland's arguments concerning a purported transfer of the subject property, after Mrs. Kinney's death, by Mrs. Rich (who purported in her call to Ms. Roberts to be representative of the estate), by virtue of a power of attorney, are irrelevant for several reasons: most notably, that a power of attorney ordinarily is terminated by the death of the grantor, OCGA § 10-6-33 et seq., together with the affirmative showing in the record that no administrator for Mrs. Kinney's estate was appointed by the court until August 1985, months after the events relevant to the instant case.

We hold that the trial court ruled correctly as to the applicability and requirements of OCGA § 33-24-46 (enumerations 1, 2, and 3), and that, therefore, there was no error in the award of summary judgment to appellee and the denial of summary judgment to appellant (enumeration 4).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 23, 1987 — 

*Harry W. Bassler*, for appellant.
*J. Caleb Clarke III*, for appellee.

---

[1] We note that the policy provided for cancellation by the insured by the following means: "You may cancel this policy at any time by returning it to us or by notifying us in writing of the date cancellation is to take effect." The record is devoid of evidence that this was done by anyone purporting to represent the Kinney estate; the telephone call to Hart by Mrs. Rich, with her unsupported allegation that she was representing the estate, would be legally insufficient to fulfill this policy provision. See generally OCGA § 10-6-1; *Carter v. Kim*, 157 Ga. App. 418 (277 SE2d 776) (1981).