76389. GEORGIA MUTUAL INSURANCE COMPANY v. MIMS.
(371 SE2d 426)

POPE, Judge.

We granted interlocutory review of the trial court's denial of appellant Georgia Mutual's motion for summary judgment. Two issues are involved in this case: (1) whether insurance agent Judy Radke and GMIC Premium Finance Company are agents of appellant such that their representations of an insurance policy term bind appellant, and (2) whether appellant's notice of the impending expiration of appellee's insurance policy, delivered to Radke, satisfied the requirements of OCGA § 33-24-45. The latter is a genuine issue of material fact. The former is not. The trial court's denial of summary judgment must be affirmed in part and reversed in part.

Appellee Vickie Mims, plaintiff below, applied for an automobile insurance policy from appellant Georgia Mutual through insurance agent Judy Radke of Insuron Insurance Agency. Appellee financed the premium through GMIC Premium Finance Company. Although the application stated that the policy would expire November 16, 1983, both Radke and the finance company represented that the policy would expire April 16, 1984.

In October 1983 appellant mailed Radke a list of policies due to expire on or before November 30, 1983. Appellee's policy was among those on the list. On December 1, 1983, 15 days after the expiration date listed on the policy application, appellee's automobile was involved in a collision. Both automobiles received extensive damage. When appellant refused to provide coverage under the policy, plaintiff filed the present action. *Held:*

1. Appellee Mims claims that Radke and the finance company are agents of appellant and that appellant is bound by their representations concerning the expiration date of the policy. Appellant denies that Radke and the finance company are its agents. Denial of an agency relationship by a purported party to that relationship is admissible as a statement of fact, rather than a mere conclusion of law. *Lewis v. C & S Nat. Bank,* 139 Ga. App. 855, 858 (229 SE2d 765) (1976); *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (1) (184 SE2d 56) (1971). Such a denial pierces the pleadings and is sufficient to support a motion for summary judgment. *Withrow Timber*

*Co. v. Blackburn*, 244 Ga. 549, 551-52 (261 SE2d 361) (1979); *Bush v. Vanguard Ins. Co.*, 172 Ga. App. 704, 706 (324 SE2d 554) (1984); *National Property &c. Ins. Co. v. Wells*, 166 Ga. App. 281 (2) (304 SE2d 458) (1983). Appellee failed to rebut appellant's prima facie showing of no agency. Summary judgment for appellant should have been granted on this issue.

2. The second issue to be addressed is whether appellant's notice was adequate as a matter of law. OCGA § 33-24-45 provides in pertinent part: "(e) (1) No insurer shall refuse to renew a policy to which this Code section applies unless a written notice of nonrenewal is mailed or delivered in person to the named insured . . . (f) Subsection (e) of this Code section shall not apply in case of: (3) The insurer having manifested its willingness to renew by delivering a renewal policy, renewal certificate, or other evidence of renewal to the named insured or his representative or by offering to issue a renewal policy, certificate, or other evidence of renewal or having manifested such intention by any other means." Appellant claims that mailing the list of policies due to expire constitutes evidence of willingness to renew delivered to the insured's representative as required by the statute. To establish whether this notice was adequate, we must address two sub-issues: (1) whether Radke was appellee's representative and (2) whether the notice constituted evidence of willingness to renew.

Appellee Mims denies that Radke is her representative. As with the issue of agency, discussed above, the denial of a relationship pierces the pleadings and shifts the burden to appellant to prove the existence of the relationship. There is some evidence of representation in the record. Appellee's application for insurance describes Radke as "the agent of the insured in placement of this risk," which might suggest that Radke is appellee's representative. Appellant's position is also supported by the fact that case law generally views an insurance agent as the agent of the insured. *National Property &c. Ins. Co. v. Wells*, supra. If Radke is appellee's agent, Radke may also be appellee's representative.

A second question exists as to whether the notice was evidence of willingness to renew, as described in OCGA § 33-24-45 (f) (3). The notice was in the form of a list of names, including appellee's name. The notice stated: "The following policies expire not later than . . . 11/30/83. Notice: this list is furnished only as a memorandum. It should be carefully checked against your records." A jury must decide whether this constitutes "evidence of renewal" delivered to the insured's representative.

These issues are material. If the insurer does not properly comply with the notice requirements of OCGA § 33-24-45, then the insured's policy is automatically renewed. See, e.g., *Garner v. Government Employees Ins. Co.*, 129 Ga. App. 235 (1) (199 SE2d 350) (1973). Thus,

the decision of the trial court denying summary judgment as to these issues must be affirmed.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 22, 1988 —
REHEARING DENIED JULY 11, 1988 — 

*Steven P. Gilliam, Donald T. Hunt*, for appellant.
*Lloyd E. N. Hall*, for appellee.