### A93A1256. BANK OF TOCCOA v. COTTON STATES MUTUAL INSURANCE COMPANY.
(439 SE2d 60)

SMITH, Judge.

Plaintiff Bank of Toccoa was the loss payee on a policy of automobile insurance issued by defendant Cotton States Mutual Insurance Company. The bank filed this action seeking to recover under the policy. Cotton States answered and alleged that it had cancelled the policy prior to the loss. The bank moved for partial summary judgment on the issue of coverage under the policy, contending the purported cancellation was ineffective. The trial court denied the bank's motion, and this appeal followed.

The undisputed material facts show that the bank required its borrower to maintain an insurance policy on her vehicle. Cotton

States issued a policy for the term of April 9, 1990 to October 9, 1990, naming the bank as the loss payee.

A Cotton States employee, according to her affidavit, received a newspaper article from an agent in Toccoa reporting that the insured borrower had been arrested on a federal counterfeiting charge. On the basis of that article she initiated cancellation of the policy. Cotton States concluded that "this information sufficiently established that [the insured] did not meet Cotton States eligibility requirements and that her policy would be cancelled because of that criminal activity." On this basis, Cotton States prepared a "Notice of Cancellation" stating in part, "REASON FOR CANCELLATION: THIS RISK DOES NOT MEET OUR ELIGIBILITY REQUIREMENTS."

According to another employee's affidavit, Cotton States mailed this notice to both the insured borrower and the bank on June 8, 1990. The notice had an effective date of June 22, 1990. The bank, however, denies receiving it. Cotton States acknowledges that it did not send a notice of nonrenewal either to the insured borrower or to the bank. On December 23, 1990, the vehicle was destroyed by fire.

1. The statutory requirements for notice of cancellation of an automobile insurance policy are governed by OCGA § 33-24-45. "The notice requirements of the statutes regarding cancellation of insurance policies are mandatory and require strict compliance and failure to adhere to the requirements results in noncancellation of the policy. [Cits.]" *Pennsylvania &c. Ins. Co. v. Person*, 164 Ga. App. 488, 490 (1) (297 SE2d 80) (1982). In this case, the attempted notice of cancellation by Cotton States did not conform to the relevant statutes or to its own policy language for two reasons, either of which will suffice to render the cancellation ineffective.

First, OCGA § 33-24-44 (b) requires: "[w]ritten notice stating the time when the cancellation will be effective, which shall not be less than 30 days from the date of mailing or delivery. . . ." The policy itself likewise requires "at least 30 days notice," not 20 days as contended by Cotton States. The purported notice on its face provided only 14 days' notice. It therefore complies with neither the statute nor the relevant policy provision.

Cotton States contends that its attempted notice should be construed as actually stating the appropriate time period and that the policy should be "deemed" to be cancelled 30 days after the notice date. This contention has been decided adversely to Cotton States in *Holcomb v. Southern Guar. Ins. Co.*, 143 Ga. App. 788 (240 SE2d 128) (1977). In that case, a workers' compensation insurer provided 11 days' notice of cancellation to the insured. Relying upon a predecessor statute to OCGA § 33-24-44 requiring 15 days' notice, this court held that the purported notice did not meet the plainly stated requirements of the statute, and "thus the policy was never canceled." 143

Ga. App. at 788. Failure to provide the 30 days' notice mandated by the statute is apparent on the face of the purported notice, and results in noncancellation of the policy.

Second, OCGA § 33-24-45 (c) provides: "No notice of cancellation of a policy issued for delivery in this state shall be mailed or delivered by an insurer . . . except for one or more of the following reasons. . . ." It then lists eight reasons for cancellation, none of which appears on the notice of cancellation in this case. The policy itself provides that after it is in effect for 60 days, cancellation will occur only for nonpayment of premium, suspension or revocation of a driver's license, or a material misrepresentation in obtaining the policy.

"This risk does not meet our eligibility requirements" is a mere conclusory statement and not a valid reason for cancellation under OCGA § 33-24-45 (c) or the relevant policy language. Cotton States attempted to cure this inadequate notice by means of its contentions in this litigation. In those contentions, it asserted for the first time that it actually had cancelled the policy on the basis of "reasonable suspicion of criminal activity." Contentions in the trial court, however, cannot amend or alter the stated reason Cotton States gave on the notice required by OCGA § 33-24-45 (d). Moreover, OCGA § 33-24-45 (c) (7) (C) provides for cancellation where the insured or other operator has "a conviction record, criminal or traffic . . . which is such that his operation of an automobile might endanger the public safety." Even assuming that a bona fide conviction for counterfeiting satisfies the requirements of OCGA § 33-24-45 (c), "suspicion" or accusation of criminal activity by word of mouth or a newspaper article is not a "conviction record" and does not satisfy those requirements.

Cotton States further contends that because OCGA § 33-24-45 (c) requires a notice of cancellation to be given "as required by Chapter 39 of this title," the language found in one section of that title may be engrafted onto OCGA § 33-24-45 (c) to provide additional reasons for cancellation. However, "a reasonable suspicion . . . [of] criminal activity" is mentioned only in OCGA § 33-39-11, a provision regarding disclosure of adverse underwriting decisions. This language is applicable only when the insurer has advised the insured that it will provide the reason or reasons for an adverse underwriting decision upon request and the insured has made a written request. Here, Cotton States failed to list a statutory reason and failed to advise that further reasons were available upon request. Cotton States cannot transform information disclosure provisions from a separate Code section, which come into play only after an insurance company has sent a proper notice of cancellation, into an additional valid reason for cancellation under OCGA § 33-24-45 (c).

Cotton States also contends that because "[the bank] has con-

ceded that it received the notice of cancellation" it has waived its right to insist upon compliance with the strict requirements of OCGA § 33-24-45 (c). This assertion is without foundation in the record and is contrary to Cotton States' own statement of undisputed material facts below.[1] "[I]n Georgia law a waiver is not favored and must be voluntary, knowing, and unequivocal. [Cit.]" *Myers v. Texaco Refining &c.*, 205 Ga. App. 292, 295 (1) (422 SE2d 216) (1992). Cotton States points to no evidence in the record supporting a voluntary, knowing, and unequivocal waiver by the bank. Its own statement of the facts relevant to the issue is not supported by the record.

Citing Michigan law, Cotton States also contends that the bank cannot recover because it stands in the shoes of the insured, and the insured allegedly has waived her right to recover in this action. However, the language in the policy's loss payable clause provides that any loss shall be paid "as interest may appear" and that insurance with respect to the interest of the loss payee shall not become invalid because of specified acts or omissions of the insured. Under this policy language, also known as a "New York standard" or "union" mortgage clause, there is a separate contract between the insurer and the loss payee. The loss payee on such a policy therefore has an independent cause of action for recovery of the policy proceeds, unaffected by any action of the insured. See generally *Southern Gen. Ins. Co. v. Key*, 197 Ga. App. 290, 292 (398 SE2d 237) (1990). This contention has no merit.

Cotton States correctly notes that the denial of summary judgment to an insurer was reversed by the Georgia Supreme Court where an insured admitted receipt of the notice of cancellation, even though the statutory requirements for mailing were not met. The purpose of the statute is to assure actual notice of cancellation to an insured, and where a proper notice admittedly was received that purpose has been accomplished. However, "[t]his holding would not be applicable *where receipt of notice of cancellation is denied by the insured*. Failure to follow the strict mandate of the statute would authorize summary judgment, upon proper motion, for the insured. [Cit.]" (Emphasis supplied.) *Travelers Indem. Co. v. Guess*, 243 Ga. 559, 561, n. 2 (255 SE2d 55) (1979). As noted above, the bank consistently has denied receipt of notice. Cotton States did not comply with the statute or its own policy requirements, either with regard to the timing of the notice of cancellation or the reason given for cancellation. Cotton States therefore cannot rely upon *admitted* delivery of a *proper* notice to excuse its failure to comply with the statutory requirements.

---

[1] Cotton States alleges, and the bank conceded for the purposes of summary judgment below, that the purported notice was *mailed*. However, the bank has consistently denied ever *receiving* any notice of cancellation.

Its attempted notice of cancellation was invalid and resulted in non-cancellation of the policy.

2. "There having been no valid cancellation of the policy, and it being undisputed that no notice of nonrenewal was mailed or delivered to [the insured] within 30 days of the . . . policy expiration date, as required by [OCGA § 33-24-45 (e) (1)], it follows that the policy must be deemed to have been renewed automatically for an additional . . . period on that date. [Cit.]" *Alexander Underwriters Gen. Agency v. Lovett*, 177 Ga. App. 262, 265 (2) (339 SE2d 368) (1985); see also *Ga. Mut. Ins. Co. v. Mims*, 187 Ga. App. 783 (2) (371 SE2d 426) (1988). Because Cotton States failed to follow the strict mandate of the statute or the requirements of its own policy, either with regard to the time interval before cancellation or the reason given for cancellation, the attempted cancellation was ineffective. Because no notice of nonrenewal was provided under OCGA § 33-24-45 (e) (1), the policy was extended under its terms for an additional six months, during which the loss occurred. The trial court erred in denying summary judgment to the bank on the issue of coverage under the subject policy.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993 —

*Adams, Clifton & Sanders, Janney E. Sanders,* for appellant.
*McClure, Ramsay & Dickerson, John A. Dickerson,* for appellee.