A94A0392. SOUTHERN GENERAL INSURANCE COMPANY v. TIPPINS BANK & TRUST COMPANY et al.
(444 SE2d 331)

POPE, Chief Judge.

Defendant Southern General Insurance Company appeals from the trial court's grant of summary judgment in favor of plaintiffs Tommy J. Dees, Jr. and Tippins Bank & Trust Company ("Tippins") and denial of its motion for summary judgment.

The facts pertinent to this appeal are uncontroverted by the parties. In June 1990, Dees, through an insurance agency, purchased a

standard fire insurance policy from the defendant which provided coverage of his residence and its contents from June 18, 1990 through June 18, 1991. Tippins was listed in the "Mortgage Clause" as a loss payee or lienholder/mortgagor, and its mailing address was included on the insurance form.

On May 8, 1991, the defendant, via the insurance agent that sold the policy, sent a renewal premium notice to Dees informing him that the policy would expire on June 18, 1991 unless the renewal premium was paid before that date. Although Dees does not deny this renewal notice was mailed, he denies receipt of the notice. Defendant did not send a similar notice to Tippins. Because the premium was not timely paid, a renewal policy was not issued and the policy expired on June 18, 1991. On July 5, 1991, Dees' residence and contents were destroyed by fire. In July 1991, Dees requested payment on the policy and defendant refused. Dees and Tippins filed separate actions against defendant; later those actions were joined by consent order.

The sole issue on appeal is whether the trial court correctly granted summary judgment to the plaintiffs because defendant was required to notify plaintiffs of the nonrenewal of the policy in the specific manner required by OCGA § 33-24-46 (d). The history of OCGA §§ 33-24-46 and 33-24-47 and their predecessors is helpful in deciding the legislature's intent concerning when insurers are required to give notice to policyholders and lienholders concerning nonrenewal of policies. Prior to enacting the predecessor to OCGA § 33-24-46, our legislature passed an act, eventually codified as OCGA § 33-24-47, which provided for notice to lienholders in the event of cancellation or nonrenewal of an insurance policy. Ga. L. 1977, p. 877. That act provided in pertinent part: "No policy of insurance in which the interests of any lienholders named in the policy are protected by a loss payable clause may be cancelled or nonrenewed by an insurer so as to destroy the protection afforded by said policy for the interests possessed by the lienholders unless notice of such cancellation or nonrenewal or a copy thereof is sent to the lienholders in the manner provided for in [OCGA §§ 33-24-44 and 33-24-45]." Id. at 878.

Effective January 1, 1979, the Code was amended to add § 56-2430.3, the predecessor to OCGA § 33-24-46, which required the insurer to send notice to the insured prior to cancellation or nonrenewal of certain standard fire insurance policies. Ga. L. 1978, p. 2017. In subsection (b) (3) of § 56-2430.3, "[n]onrenewal" was defined as the *"failure* or refusal by an insurer to renew." (Emphasis supplied.) Id. at 2018. Additionally, subsection (d) of that statute specifically provided for nonrenewal due to failure to pay the premium: "Nonrenewal shall not be effective unless written notice is provided . . . with respect to the nonpayment of premium for the expiring policy or the failure of the insured to pay the premium as required by the insurer

for renewal, in either of which case such effective date shall not be less than ten days after the date of notice." Id. at 2018-2019.

In 1984, our legislature amended Chapter 24 of Title 33 by striking § 33-24-46 in its entirety and adopting a new § 33-24-46. In subsection (b) (1) of that Code section the definition of "nonrenewal" was defined as "a refusal by an insurer . . . to renew." OCGA § 33-24-46 (b) (1). The word "failure" was not included in the new definition. Subsection (d) in its new form provided in pertinent part: "No insurer shall *refuse to renew* a policy to which this Code section applies unless a written notice of nonrenewal is mailed or delivered in person to the named insured." (Emphasis supplied.) Ga. L. 1984, p. 1357. As rewritten, that subsection did not contain a specific provision requiring notice by the insurer when nonrenewal was due to the insured's failure to pay the premium required by the insurer for renewal. The 1984 act also struck OCGA § 33-24-47 in its entirety with no substitution. Ga. L. 1984, p. 1358.

Defendant argues that our legislature has evinced its intent not to require notice by an insurer under the circumstances here by: (1) deleting OCGA § 33-24-47 in its entirety; (2) removing the word failure from the definition of nonrenewal in § 33-24-46; (3) limiting the notice requirement to those situations in which the insurer "refused to renew" a covered policy; and (4) not providing specifically for nonrenewals caused by failure to pay premiums. We agree.

Contrary to the trial court's holding, our review of the applicable statutes reveals that the content and substance of now repealed OCGA § 33-24-47 was not set forth in OCGA § 33-24-46 (d) when that statute was rewritten in 1984. Thus, to the extent the trial court's judgment in favor of plaintiffs is based on our decision in *WACO Fire &c. Ins. Co. v. Jones,* 180 Ga. App. 26 (348 SE2d 547) (1986), which interpreted former OCGA § 33-24-47; it is erroneous.

The legislature could have placed the same language contained in former § 33-24-47 in subsection (d) of § 33-24-46 when it rewrote that statute, but it chose to use the language "refuse to renew" instead. "Refuse" is defined in Webster's Ninth New Collegiate Dictionary, p. 991 (1987) as "to express oneself as unwilling to accept" or "to show or express unwillingness to do or comply with." Furthermore, the word "failure" was removed from the statutory definition of the term "nonrenewal" in OCGA § 33-24-46 (b) (1). By these changes it is clear to us that the legislature intended to remove from the insurer the duty to send notice to either the insured or any lienholders that a policy was about to terminate unless it was an unwillingness or refusal on the insurer's part that resulted in termination or cancellation. We find nothing in revised OCGA § 33-24-46 to evidence the legislature's intent to continue requiring an insurer to give notice to the insured or any lienholders when a party other than the insurer, by

its actions or inaction, caused the policy to terminate. Cf. *Protective Nat. Ins. Co. of Omaha v. Ashley*, 182 Ga. App. 526 (356 SE2d 230) (1987) (interpreting pre-1984 amendment language of OCGA § 33-24-46) and *Strickland Gen. Agency v. Puritan Ins. Co.*, 184 Ga. App. 286 (361 SE2d 186) (1987) (insurance policy required insurer to give insured at least 30 days notice of nonrenewal).

Due to the 1984 legislative changes to OCGA § 33-24-46 and the repeal of OCGA § 33-24-47, an insurer is now only required to give notice pursuant to OCGA § 33-24-46 (d) when it is unwilling (refuses), for whatever reason, to renew a policy. It is now incumbent upon insureds and lienholders to monitor the expiration terms of policies of insurance against loss of residential real estate. See *Goodley v. Fireman's Fund &c. Ins. Co.*, 173 Ga. App. 277 (326 SE2d 7) (1985) (notice from insurer not required when group life insurance policy lapsed due to nonpayment of premium). Because the trial court's grant of summary judgment in favor of plaintiffs was based on an erroneous interpretation of OCGA § 33-24-46 (d), the judgments in favor of plaintiffs are reversed. Furthermore, because all claims against the defendant concern the alleged duty of defendant to notify plaintiffs that the Dees' policy was not renewed at the end of its term, the defendant is entitled to judgment in its favor.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration this court received an amicus curiae brief from the Georgia Bankers Association and the Mortgage Bankers Association of Georgia. They argue that the statutory provision governing whether the insurer must give notice to a lienholder when the insured fails to pay the insurance policy renewal premium and the policy lapses at the end of the policy period is OCGA § 33-24-44 (d) rather than OCGA § 33-24-46 (d). In *Robertson v. Southland Life Ins. Co.*, 130 Ga. App. 807 (3) (204 SE2d 505) (1974), this court first held that OCGA § 33-24-44 is not applicable when the insurance policy in question lapses or expires because of nonpayment of the premium and distinguished such expirations from cancellations, which are covered by the statute. Several cases decided after *Robertson* have continued that distinction. See *Goodley v. Fireman's Fund &c. Ins. Co.*, 173 Ga. App. 277 (1) (326 SE2d 7) (1985) and the cases cited therein. Accordingly, this argument is without merit.

DECIDED APRIL 13, 1994 —
RECONSIDERATION DENIED MAY 10, 1994 —

*Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith,*

*Groover & Childs, Denmark Groover, Jr.,* for appellant.

*Franklin, Taulbee, Rushing, Bunce & Brogdon, Wallace M. Brogdon,* for appellees.

*Long, Aldridge & Norman, W. Stell Huie, W. Scott Laseter, Mc-Calla, Raymer, Padrick, Cobb, Nichols & Clark, Richard E. Raymer,* amici curiae.