S94G1341. TIPPINS BANK & TRUST COMPANY et al.
v. SOUTHERN GENERAL INSURANCE COMPANY.
(464 SE2d 381)

HINES, Justice.

We granted certiorari to the Court of Appeals to consider its decision in *Southern Gen. Ins. Co. v. Tippins Bank &c. Co.,* 213 Ga. App. 176 (444 SE2d 331) (1994). The Court of Appeals determined that an insurer was no longer required under OCGA § 33-24-46 to notify the insured or a lienholder of the lapse of a residential standard fire policy because of the named insured's failure to pay premiums. The determination was based on an assessment of legislative intent.

The cardinal rule in construing a statute is to glean the intent of the legislature. *State v. Mulkey,* 252 Ga. 201, 202 (312 SE2d 601) (1984); *Bd. of Trustees v. Christy,* 246 Ga. 553, 554 (272 SE2d 288) (1980). The history of the legislation is telling. In 1977, the legislature passed an act, which provided:

> No policy of insurance in which the interests of any lienholders named in the policy are protected by a loss payable clause may be cancelled or nonrenewed by an insurer so as to destroy the protection afforded by said policy for the interests possessed by the lienholders unless notice of such cancellation or nonrenewal or a copy thereof is sent to the lienholders in the manner provided for in [Ga. Code] sections 56-2430 and 56-2430.1.

Ga. L. 1977, p. 878. This was later codified as OCGA § 33-24-47.

The Code was amended, effective January 1, 1979, to add the predecessor to OCGA § 33-24-46, Ga. Code § 56-2430.3, which provided that the insurer send notice to the insured prior to cancellation or nonrenewal of certain standard fire insurance policies. Ga. L. 1978, p. 2017. Code § 56-2430.3 (b) (3) defined "nonrenewal" as "failure or refusal by an insurer to renew." Id. at 2018. Subsection (d) of the statute expressly addressed nonrenewal for nonpayment of premium:

> Nonrenewal shall not be effective unless written notice is

> provided . . . with respect to the nonpayment of premium for the expiring policy or the failure of the insured to pay the premium as required by the insurer for renewal, in either of which case such effective date shall not be less than ten days after the date of notice.

Id. at 2018-2019.

Chapter 24 of Title 33 underwent significant amendment in 1984. OCGA § 33-24-47 containing the notice provision to lienholders was repealed in its entirety and a new § 33-24-46 was adopted. OCGA § 33-24-46 (b) (1) then defined "nonrenewal" as solely "a refusal by an insurer . . . to renew," and omitted from the definition a "failure" to renew. Subsection (d) provided: "No insurer shall refuse to renew a policy to which this Code section applies unless a written notice of nonrenewal is mailed or delivered in person to the named insured."

The Court of Appeals correctly concluded that the repeal of OCGA § 33-24-47, coupled with the changes to OCGA § 33-24-46 evinced the legislative intent that an insurer now be required to give notice pursuant to OCGA § 33-24-46 (d) only *when the insurer refuses*, for whatever reason, to renew a policy. That is, § 33-24-46, including its notice provision, no longer included the situation in which a policy was not renewed because of nonpayment of premium by the insured.

The legislative intent to narrow the notice requirement of the statute is confirmed by an addition to the statute effective July 1, 1995. The amendment added to the definition of "nonrenewal" or "nonrenewed" contained in § 33-24-46 (b) (1):

> Failure of an insured to pay the premium as required of the insured for renewal after the insurer has manifested a willingness to renew by delivering a renewal policy, renewal certificate, or other evidence of renewal to the named insured or his or her representative or has offered to issue a renewal policy, certificate, or other evidence of renewal or has manifested such intention by any other means *shall not be construed to be a nonrenewal.*

(Emphasis supplied.) "In construing statutes subsequent acts of the legislature on the same subject may be considered." *Wingfield v. Kutres*, 136 Ga. 345, 349 (71 SE 474) (1911). Indeed, the courts are not only to be guided by the General Assembly's last expression on a subject, but the latest declaration controls. *Alford v. Public Svc. Comm.*, 262 Ga. 386, 388 (1) (b) (418 SE2d 13) (1992); *Bd. of Trustees v. Christy*, supra at 555 (1). See also *Gunn v. Balkcom*, 228 Ga. 802, 804 (188 SE2d 500) (1972).

Accordingly, in the circumstances of this case, the insurer did not have a duty to send notice required under OCGA § 33-24-46.

On motion for reconsideration, the Court of Appeals rejected the assertion that the statutory provision governing whether the insurer must give notice to a lienholder when the insured fails to pay the insurance policy premium and the policy lapses at the end of the policy period is OCGA § 33-24-44 (d) rather than OCGA § 33-24-46 (d). It properly did so. "[T]he expiration or lapse of a policy does not constitute a cancellation." *Goodley v. Fireman's Fund American Life Ins. Co.*, 173 Ga. App. 277, 278 (1) (326 SE2d 7) (1985). See also *King v. Guardian Life Ins. Co.*, 686 F2d 894 (11th Cir. 1982). This comports with the apparent statutory scheme to limit required notice to those instances in which coverage is ended because of the insurer's unwillingness or refusal to renew rather then the insured's own failure to act.

*Judgment affirmed. All the Justices concur, except Hunstein, Carley, and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

In June 1990, Tommy J. Dees (Insured) purchased a standard fire insurance policy from Southern General Insurance Company (Insurer). The policy covered Insured's residence and the contents thereof for a one-year period and listed Tippins Bank & Trust Company (Lienholder) as a loss payee. In May 1991, Insurer mailed a renewal notice to Insured, informing him that the policy would expire on June 18, 1991 unless the renewal premium was paid before that date. No such notice was sent to the lienholder. Thereafter, the renewal premium was not paid and, on July 5, 1991, Insured's residence and its contents were destroyed by fire. When a claim for payment under the policy was denied, Insured and Lienholder filed suit against Insurer. The trial court granted summary judgment in favor of Insured and Lienholder, but the Court of Appeals reversed. *Southern Gen. Ins. Co. v. Tippins Bank &c. Co.*, 213 Ga. App. 176 (444 SE2d 331) (1994). We granted certiorari in order to review the holding of the Court of Appeals and a majority of this Court affirms that holding. In my opinion, the trial court was correct and the Court of Appeals erred. Accordingly, I must respectfully dissent.

The "cancellation" of an insurance policy differs from the "nonrenewal" thereof. *Goodley v. Fireman's Fund American Life Ins. Co.*, 173 Ga. App. 277 (326 SE2d 7) (1985); *Robertson v. Southland Life Ins. Co.*, 130 Ga. App. 807, 808 (3) (204 SE2d 505) (1974). OCGA § 33-24-44 deals with the "cancellation" of policies in general. OCGA § 33-24-46 specifically addresses both the "cancellation" and the "nonrenewal" of certain property insurance policies, while OCGA § 33-24-45 specifically addresses "cancellation" and "nonrenewal" of

automobile policies. There can be no "cancellation" requirement as to a policy which has been the subject of a previous "nonrenewal." *Goodley*, supra; *Robertson*, supra. The policy at issue here provides property insurance as contemplated by OCGA § 33-24-46. Accordingly, the first issue for resolution is whether, under OCGA § 33-24-46, there was a "nonrenewal" of Insured's policy so that the coverage expired as of June 18, 1991.

OCGA § 33-24-46 (d) provides, in relevant part, that "[n]o insurer shall refuse to renew a policy . . . unless a written notice of nonrenewal is mailed or delivered in person to the named insured." The error that I perceive in the holdings of both the Court of Appeals and the majority relates to the construction given to this language of OCGA § 33-24-46 (d). I would hold that, under this language, it is incumbent upon the insurer to effectuate a nonrenewal of the policy and an insurer's failure to give the requisite notice of nonrenewal results in the automatic renewal thereof. See *Bank of Toccoa v. Cotton States Mut. Ins. Co.*, 211 Ga. App. 389, 393 (2) (439 SE2d 60) (1993) and *Ga. Mut. Ins. Co. v. Mims*, 187 Ga. App. 783, 784 (2) (371 SE2d 426) (1988) (construing the identical language of OCGA § 33-24-45 (e) (1)). Compare *Unigard Mut. Ins. Co. v. Fox*, 142 Ga. App. 706 (236 SE2d 851) (1977) (decided prior to enactment of OCGA § 33-24-46)). If this language mandates an automatic renewal of automobile insurance for failure of the insurer to give notice of nonrenewal under OCGA § 33-24-45 (e) (1), then the identical language of OCGA § 33-24-46 (d) mandates an automatic renewal of property insurance under that same circumstance. Statutes are not to be construed in a vacuum, but in relation to other statutes of which they are a part, and all statutes relating to the same subject matter are to be construed together, and harmonized wherever possible. *East West Express v. Collins*, 264 Ga. 774, 775 (1) (449 SE2d 599) (1994). It is undisputed that Insurer did not provide any notice of its refusal to renew Insured's policy. To the contrary, Insurer affirmatively gave notice of its intent to renew the policy. Accordingly, if OCGA § 33-24-46 (d) applies here, Insured's policy was renewed automatically on June 18, 1991 as the result of Insurer's failure to give notice of nonrenewal.

With regard to automobile insurance, the automatic renewal provision of OCGA § 33-24-45 (e) does not apply in certain enumerated instances, including the case wherein the insurer has "manifested its willingness to renew" the policy. OCGA § 33-24-45 (f) (3). Thus, if this case involved automobile insurance, the insurer's giving of notice of its intent to renew the policy would preclude a finding of automatic renewal based on the failure of the insurer to give notice of nonrenewal. *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837 (413 SE2d 430) (1992); *Smith v. Southeastern Fid. Ins. Co.*, 171 Ga. App. 26 (318 SE2d 708) (1984); *Garner v. GEICO*, 129 Ga. App. 235 (199

SE2d 350) (1973). However, this case involves property insurance within the ambit of OCGA § 33-24-46, rather than automobile insurance controlled by the provisions of OCGA § 33-24-45. At all relevant times, there was no language in OCGA § 33-24-46 comparable to that of OCGA § 33-24-45 (f) (3), which would render the automatic renewal provision of OCGA § 33-24-46 (d) inapplicable in a case wherein the insurer has "manifested its willingness to renew."

The majority posits that the amendment to OCGA § 33-24-46 (b) (1), which became effective on July 1, 1995, constitutes comparable language to that of OCGA § 33-24-45 (f) (3). However, even assuming that the majority is correct in its interpretation of the substantive effect of that amendment, it has no applicability here. It is the latest *applicable* expression of the legislative intent which controls. *Gunn v. Balkcom*, 228 Ga. 802, 804 (188 SE2d 500) (1972) (holding that there was no valid law defining the crime of foeticide *at the time* the criminal defendant committed the acts for which he was convicted of that crime). The amendment to OCGA § 33-24-46 (b) (1) may be the latest expression of the legislative intent, but it is not applicable to the resolution of a case, such as this, which is controlled by the law as it existed prior to July 1, 1995. In cases involving statutory construction, this Court will not give a retroactive interpretation unless the language of the enactment itself mandates that interpretation. *Wilmoth v. Henry County*, 251 Ga. 643, 644 (2) (309 SE2d 126) (1983). There is nothing in the language of the amendment to OCGA § 33-24-46 (b) (1) which mandates its application to events occurring prior to July 1, 1995. It follows that, regardless of Insurer's notice of its intent to renew, the property insurance policy in this case was renewed automatically on June 18, 1991 as the result of Insurer's failure to give notice of nonrenewal in accordance with OCGA § 33-24-46 (d).

Since Insured's policy was renewed automatically for a one-year term on June 18, 1991, the policy would be in effect on July 5, 1991 unless it had been cancelled in the interim. No cancellation of a property insurance policy within the ambit of OCGA § 33-24-46 "shall be effective unless mailed or delivered as prescribed in Code Section 33-24-44." OCGA § 33-24-46 (c) (1). Under OCGA § 33-24-44 (d), a failure on the part of the insured to make premium payments authorizes the insurer to cancel the policy by giving ten days' written notice. Thus, notwithstanding the automatic renewal of the policy on June 18, 1991 resulting from Insurer's failure to give notice of nonrenewal, Insurer could have cancelled the policy within ten days based upon Insured's failure to have timely paid the renewal premium. However, it is undisputed that Insurer did not give Insured and Lienholder notice of cancellation in accordance with OCGA § 33-24-44 (d). It follows that, because the automatically renewed policy was not validly cancelled prior to the date of the fire, the trial court correctly granted

summary judgment in favor of Insured and Lienholder on the issue of coverage. See *Bank of Toccoa v. Cotton States Mut. Ins. Co.*, supra at 393 (2). Accordingly, I would hold that the Court of Appeals erred in reversing that correct judgment and I must respectfully dissent to the majority's contrary holding.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED DECEMBER 4, 1995 —
RECONSIDERATION DENIED DECEMBER 18, 1995.

*Franklin, Taulbee, Rushing, Bunce & Brogdon, W. M. Brogdon, Jr.*, for appellants.
*Groover & Childs, Denmark Groover, Jr., Newton, Smith, Durden, Kaufold & Rice, Wilson, R. Smith*, for appellee.
*Long, Aldridge & Norman, W. Stell Huie*, amicus curiae.