THE TOLEDO EDISON CO., APPELLANT, *v.* GALVIN, LUCAS
COUNTY AUDITOR; KOSYDAR, TAX COMMR., ET AL., APPELLEES.

(No. 72-840—Decided June 6, 1973.)

*Mr. Donald M. Hawkins, Mr. Dennis L. Jarvela,* and *Messrs. Fuller, Henry, Hodge & Snyder,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Dwight C. Pettay, Jr.,* and *Mrs. Maryann B. Gall,* for appellees.

WILLIAM B. BROWN, J. The question before the court is whether the Board of Tax Appeals has jurisdiction to hear applications for the remission of taxes illegally assessed on real property.

The remission of illegally assessed taxes is provided for in R. C. 5715.39:

"The Board of Tax Appeals and the Tax Commissioner, in the manner provided by Sections 5703.02 and 5703.05 of the Revised Code, respectively, may remit taxes and penalties thereon, found by them to have been illegally assessed and penalties that have accrued because of the negligence or error of an officer required to perform a duty relating to the assessment of property for taxation or the levy or collection of taxes. *The board* or Tax Commissioner, as the case may be, *may correct* an *error in an assessment of property for taxation or in the tax list or duplicate of taxes in a county.*" (Emphasis added.)

R. C. 5703.02 sets forth the authority of the Board of Tax Appeals with respect to remission of taxes illegally assessed, as follows:

"The Board of Tax Appeals shall exercise the following powers and perform the following duties of the Department of Taxation:

"* * *

"(I) Exercise the authority provided by Section 5715.-39 of the Revised Code relative to remitting taxes and penalties against *real property* found to have been illegally assessed or to have been assessed in consequence of the negligence or error of an officer required to perform a duty relating to the assessment of such property for taxation, or the levy or collection of such taxes * * *." (Emphasis added.)

The Code provides, in clear and unambiguous terms, that the board has authority to determine the legality of taxes assessed on real property upon an application for the remission of such taxes. No one has argued that the property on which the tax was assessed is not real property.

This court has decided a similar question in *State* v. *Carney* (1956), 166 Ohio St. 81, as follows:

"The principal question presented by this appeal is whether on an application for remission of taxes the Board of Tax Appeals, under the provisions of Sections 5703.02 and 5715.39, Revised Code, has jurisdiction to declare a tax illegal."

The property taxed therein was real property, parcels of filled-in land along the Cleveland lake front. The court, at page 84, passed upon the question, stating:

"Clearly under these sections the Board of Tax Appeals is not vested with jurisdiction to determine the validity of special assessments, as we held in the *Carney* case [distinguishing *Carney* v. *State* (1952), 158 Ohio St. 348]. It is, however, specifically vested with jurisdiction to determine the legality of taxes, on an application for remission of such taxes."

Likewise, in this case the board had jurisdiction to hear appellant's application for remission of taxes assessed on its property in handwriting by the Auditor of Lucas County. Therefore, the decision of the board in this case is unreasonable and unlawful.

Such a reading of the board's statutory jurisdiction fits in harmoniously with R. C. 5703.05, which prescribes the jurisdiction of the Tax Commissioner. It provides in pertinent part:

"All other powers, duties, and functions of the Department of Taxation, except those mentioned in Sections 5703.02 and 5703.04 of the Revised Code, are vested in and shall be performed by the Tax Commissioner which powers, duties, and functions shall include, but shall not be limited to the following:

"* * *

"(B) Exercising the authority provided by law relative to remitting or refunding taxes or assessments, including penalties and interest thereon, illegally or erroneously assessed or collected, or for any other reason overpaid, *except* as provided in division (I) of Section 5703.02 of the Revised Code * * *." (Emphasis added.)

So, with regard to the remission of taxes illegally assessed, the Board of Tax Appeals has original jurisdic-

tion only over taxes on real property, and the original jurisdiction over taxes on other property is given to the Tax Commissioner.

The Board of Tax Appeals argues that a public utility has a statutory right under R. C. 5727.47 to contest any determination made by the Tax Commissioner within 30 days after his certification and that failure to exercise this right precludes filing an application for the remission of taxes with the board. R. C. 5727.47 provides, in pertinent part:

"Any public utility may be heard by the Tax Commissioner as to the correctness of any determination, finding, or order of the commissioner after the same has been certified to the proper officer. A copy of such certification shall be mailed to the public utility, and the mailing thereof shall be prima-facie evidence of the receipt of the same by the public utility to which it is addressed. Application for a review and redetermination of any such determination, finding, or order must be filed in writing within thirty days from the date of the mailing of such copy."

That statute provides for review of a "determination, finding, or order of the *commissioner*." In the instant case, appellant seeks the remission of taxes and penalties which the stipulation provides were made by the Lucas County Auditor. Since the contested taxes resulted from "orders" of the Lucas County Auditor and not of the Tax Commissioner, R. C. 5727.47 is not applicable here.

Accordingly, the decision of the Board of Tax Appeals is reversed as being unreasonable and unlawful, and the cause is remanded to the board for further proceedings in accordance with this opinion.

*Decision reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern and Celebrezze, JJ., concur.

Paul W. Brown, J., dissenting. Under the provisions of R. C. 5713.01, R. C. 5727.10 and R. C. 5727.06, the Tax

Commissioner is the assessor of the real property of a public utility and is the official, in the first instance, who has been given the authority under R. C. 5715.39 to remit illegally assessed taxes. If an application for remission of illegally assessed taxes, concerning which the Tax Commissioner has jurisdiction, were filed with the Tax Commissioner and that official issued his final order of denial—then the applicant might perfect an appeal from said final order to the Board of Tax Appeals as provided by R. C. 5717.02.

In this case, the purported assessment was by the Lucas County Auditor, did not appear on the auditor's printed copy of the tax duplicate, but appeared only as a handwritten insertion upon the Lucas County Treasurer's printed copy of such tax duplicate.

Since, under R. C. 5713.01, only the Tax Commissioner has the power to assess the real property of a public utility, the notation upon the duplicate was a nullity and was not such an order as might be appealed to the Board of Tax Appeals.