CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLEE AND
APPELLANT, *v.* COLLINS, TAX COMMR., APPELLANT AND
APPELLEE.

(Nos. 76-481 and 76-495—Decided December 15, 1976.)

234

*Messrs. Squire, Sanders & Dempsey, Mr. William H. Conner* and *Mr. James H. Woodring,* for appellee and appellant.

*Mr. William J. Brown,* attorney general, *Mr. John C. Duffy, Jr.,* for appellant and appellee.

*Per Curiam.* We cannot conclude from the provisions of R. C. 5727.47 that the General Assembly intended

that statute to be the only relief available where an error in valuation of part of a public-utility taxpayer's real estate has been incorporated into the Tax Commissioner's assessment and apportionment of the taxpayer's *ad valorem* tax. The auditor, in erroneously listing the value of the parcel of real estate in question, was acting as the agent of the Tax Commissioner. The auditor was the "officer required to perform a duty relating to the assessment of property for taxation" under R. C. 5715.39. *Toledo Edison Co. v. Galvin* (1973), 34 Ohio St. 2d 187.

Since the Tax Commissioner is the assessor of the property of a public utility under R. C. 5727.06, he is the official, in the first instance, who has authority under R. C. 5715.39 to remit *ad valorem* taxes illegally assessed. Nor is this duty so apportionable that errors occurring in the listing of real estate values must be considered differently than errors in other values entering into the commissioner's computation. It is the nature of the tax assessed, rather than the nature of the individual items of property upon which values are imposed, which determines the commissioner's authority in this regard.

The Tax Commissioner's argument that our holding in *Toledo Edison v. Galvin, supra,* limits his authority under R. C. 5703.05(B) and 5715.39 to grant the relief here sought is incorrect. Our decision in that case turned upon its special facts which involved an illegal attempt by the auditor of that county to assess a specific parcel of utility real estate by his handwritten insertion of an assessment upon the treasurer's duplicate. This court held that under that circumstance R. C. 5703.02(I) gives the Board of Tax Appeals jurisdiction to hear the application as one for the remission of a tax against real estate.

We are aware that in many tax statutes the words "remit" and "refund" are not identical in meaning. We perceive that often the language of taxing statutes must be examined, as was done in *Defiance College v. Bd. of Tax Appeals, supra,* in order to determine whether the power to "remit" includes the power to "refund." We hold, how-

236

ever, that the Board of Tax Appeals was correct in concluding that a refund was authorized here by R. C. 5703.05 in light of that case. The decision of the board is therefore affirmed, but since we see no need to remand the cause to the Tax Commissioner, we sustain C.E.I.'s appeal and thus direct the Board of Tax Appeals to issue the appropriate order.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.