*Ree,* for appellee.

### 45761. SOUTHEASTERN MARITIME COMPANY v. COLLINS.
(374 SE2d 197)

SMITH, Justice.

The appellant, Southeastern Maritime Company (SEM), filed suit against the appellees, Georgia Ports Authority (GPA), and Marcus E. Collins, Sr., the State Revenue Commissioner. SEM sought a refund of taxes collected by the GPA. The trial court granted the GPA's motion for summary judgment affirming tax liability. We reverse.

SEM is engaged in the stevedoring business. During the years of 1982 through 1985, the GPA collected a sales tax from SEM for the use of dock cranes and operators on the theory that the transactions constituted taxable leases. SEM contends that these transactions were tax exempt services and a refund is required.

OCGA § 48-8-63 (c) states that each person who contracts "to perform any service the principal part of which is the furnishing of machinery which will not be under the exclusive control of the contractor shall be liable to collect a sales tax on the rental value of the machinery so used." The key words in this code section are "furnishing of machinery" and "exclusive control."

Dock cranes are the machinery furnished to SEM by the GPA. The cranes are operated upon fixed tracks and their movement is thus confined to the tracks. Because the cranes are limited in movement to the tracks, the ships and cargo must be taken to the cranes. The cranes are owned by the GPA. The crane operators are hired, paid and fired by the GPA.

The GPA operators have total control over the cranes. All SEM can do is direct the crane operators to the task that SEM wants accomplished. The task is performed by the crane which is owned by the GPA and operated exclusively by the GPA operators. SEM is not responsible for repairs if a crane becomes inoperable. The real test as to exclusive control is this, if a crane operator refuses to operate the crane for any reason, who gets the crane operating again? Only the GPA can. SEM cannot replace the operator nor force him to go back to work. The only thing SEM has the authority to do is to point out the task to be accomplished. Thus the cranes, through its operators, are under the exclusive control of the GPA. The above was accepted by the Federal Maritime Commission in a case involving virtually the same parties. The case involved a tort claim, but the "control" question was predominate. The Commission held:

The stevedore has to accept the operator offered by GPA, and GPA retains total operational control over the cranes during the entire rental period because GPA, alone, decides who may operate the crane and the conditions which may give rise to operator removal and discipline.

*Southeastern Maritime Co. v. Ga. Port Authority*, Initial Decision of the Federal Maritime Commission, Docket no. 83-46 and Orders Adopting Initial Decision, dated March 14, 1986.

Under the facts in this case, the cranes are in the exclusive control of the GPA and the court erred in granting a summary judgment. Therefore, the trial court is reversed and directed to enter summary judgment in favor of SEM.

*Judgment reversed with direction. All the Justices concur.*

DECIDED DECEMBER 1, 1988.

*Bouhan, Williams & Levy, Edwin D. Robb, Jr., Randall K. Bart, Melanie L. Marks,* for appellant.

*Michael J. Bowers, Attorney General, Lisa D. Cooper, Staff Assistant Attorney General,* for appellee.