S94A1040, S94X1041. EAST WEST EXPRESS, INC. v. COLLINS;
and vice versa.
(449 SE2d 599)

BENHAM, Presiding Justice.

East West Express, Inc. (East West) provides interstate trucking services with vehicles registered and titled in Georgia. Its primary business is transporting materials to Georgia from Florida; to California and Arizona from Georgia; and to Florida, Georgia, and South Carolina from California. East West instituted this action against State Revenue Commissioner Marcus Collins, seeking a declaratory judgment holding OCGA §§ 48-5-442 to 48-5-445 and 48-5-471 unconstitutional because they do not provide for apportionment of ad valorem taxes on motor vehicles engaged in interstate commerce. East West moved for summary judgment and Collins moved to dismiss the action. Treating Collins' motion to dismiss as a motion for summary judgment, the trial court awarded summary judgment to Collins and denied East West's motion.

In determining that East West was not entitled to the relief it sought, the trial court held that the statutes in question do not prohibit the apportionment of ad valorem taxes, and that authority to apportion such taxes is vested in the State Revenue Commissioner, not in local tax authorities. East West appealed the trial court's refusal to hold the statutes unconstitutional; Collins cross-appealed the finding by the trial court that the power to apportion those taxes was

vested in the State Revenue Commissioner.

1. Since the U. S. Supreme Court has ruled that the Due Process and Commerce Clauses of the United States Constitution require that ad valorem tax on property engaged in interstate commerce must be apportioned if the taxpayer bears its burden of demonstrating that its property has acquired a tax situs in another state (see, e.g., *Central R. Co. v. Pennsylvania*, 370 U. S. 607 (82 SC 1297, 8 LE2d 720) (1962)), OCGA §§ 48-5-442 through 48-5-445 and 48-5-471 would be unconstitutional if they prohibited such apportionment. While it is true that the statutes do not specifically authorize the apportionment of ad valorem taxes on motor vehicles engaged in interstate commerce, neither do they expressly prohibit such apportionment. Our task, therefore, is to examine the statutes to determine whether they may fairly be read to permit apportionment. In doing so, we bear in mind the maxim that a construction that gives effect to statutes is preferred to one that invalidates them. *Brown v. State Merit System*, 245 Ga. 239 (1) (264 SE2d 186) (1980).

The statutory scheme for ad valorem taxation of motor vehicles provides that every vehicle owned in this state on January 1 is subject to ad valorem taxation (OCGA § 48-5-471); that the State Revenue Commissioner shall prepare a uniform evaluation of vehicles for use as the taxable value of the vehicles (OCGA § 48-5-442); and that the tax shall be at the assessment level and mill rate levied by the taxing authority for the previous calendar year. OCGA § 48-5-443. Without further consideration, it would appear that no apportionment is available: the State Revenue Commissioner sets a uniform value and the local taxing authorities tax at that level. However, statutes are not to be construed in a vacuum, but in relation to other statutes of which they are a part, and all statutes relating to the same subject matter are to be construed together, and harmonized wherever possible. *Ryan v. Commrs. of Chatham County*, 203 Ga. 730 (1) (48 SE2d 86) (1948).

It is appropriate, therefore, to consider how this state has addressed the issue of apportionment of ad valorem taxes on other types of property used in interstate commerce. Such apportionment is provided for with regard to railroad cars and aircraft by OCGA §§ 48-5-519 et seq. and 48-5-540 et seq., respectively. As to both those species of personal property, it is the valuation of the property which is adjusted for the purpose of apportionment.

Taking valuation as a key, we turn now to the statutes dealing with ad valorem taxation of motor vehicles. Although they do not specifically provide a formula for apportionment as do the statutes dealing with railroad cars and aircraft, there is an existing statutory procedure for challenging the valuation placed on a motor vehicle for ad valorem tax purpose: "Any owner who contests the value assessment

of a motor vehicle . . . may appeal such assessed value as provided for in Code Section 48-5-311 . . . ." OCGA § 48-5-450. In subsection (e) of § 48-5-311, provision is made for the county board of tax assessors to review the valuation of personal property and, in the event the challenge to the valuation is rejected, for an automatic appeal to the county board of equalization. Subsection (f) of that section provides for an appeal to superior court by the taxpayer and, under certain circumstances, by the county board of equalization. Reading together the various Code sections pertaining to ad valorem taxation, it may be seen that although a uniform value for all vehicles is set by the State Revenue Commissioner without regard to use of the vehicle in interstate commerce, that assessment of value may be challenged through established appeal procedures. In the course of that appeal process, the owner of a vehicle engaged in interstate commerce will have an opportunity to demonstrate to the taxing authority that the owner's motor vehicle has acquired a tax situs in another state. Once that showing is made, the taxing authority must make an appropriate apportionment of the value and impose a tax only on that portion of the value of the vehicle which is appropriate.[1] See *Standard Oil v. Peck*, 342 U. S. 382 (72 SC 309, 96 LE 427) (1952).

When construed as we have done above, our statutes providing for ad valorem taxation of motor vehicles do not unduly burden interstate commerce or deny due process to the owners of motor vehicles used in interstate commerce. The trial court was correct, therefore, in finding that the statutes do not violate the Commerce Clause or deny due process. However, when the statutes are construed in that fashion, the trial court was incorrect in holding that it is from the State Revenue Commissioner rather than the local taxing authority that a motor vehicle owner must seek apportionment. As may be seen from the discussion of OCGA § 48-5-311 (e), supra, it is initially the county board of tax assessors and, in the event of continued disagreement, the county board of equalization who must consider the taxpayer's showing and make appropriate adjustments to the valuation of the motor vehicle.

2. East West has also argued that the ad valorem taxation system for motor vehicles denies equal protection to the owners of motor vehicles. That argument is based entirely on East West's contention that ad valorem taxes on motor vehicles used in interstate commerce

---

[1] We note that there is no existing uniform formula or procedure established for the purpose of guiding the local tax authority in determining the appropriate valuation of a motor vehicle. That is properly a matter for the legislature to address as it did the question of apportionment of ad valorem taxes on railroad cars and aircraft, or for the State Revenue Commissioner to address by means of regulations properly promulgated for that purpose, which is the resolution the Commissioner has suggested in a brief in this case.

cannot be apportioned. Since we have held above that there is a process by which ad valorem taxes on motor vehicles used in interstate commerce may be apportioned upon a proper showing by the owner, East West's equal protection argument is adequately answered in Division 1, supra.

In summary, we have concluded that the owner of a motor vehicle used in interstate commerce may obtain apportionment of ad valorem taxes on such a motor vehicle by demonstrating to the local taxing authority, in the course of an appeal under OCGA § 48-5-311 challenging the assessed value of the vehicle, that the motor vehicle has acquired a tax situs in one or more other states. Accordingly, we affirm in Case No. S94A1040, the main appeal, and hold that the existing statutory scheme of ad valorem taxation of motor vehicles is not unconstitutional for any reason asserted by appellant. In Case No. S94X1041, the cross-appeal, we reverse the trial court's ruling and hold that it is the local taxing authority to whom motor vehicle owners must demonstrate the acquisition of a foreign tax situs and the degree to which the valuation of the vehicle must be adjusted.

*Judgment affirmed in Case No. S94A1040 and reversed in Case No. S94X1041. All the Justices concur.*

DECIDED OCTOBER 31, 1994 — RECONSIDERATIONS DENIED DECEMBER 2, 1994 AND DECEMBER 20, 1994.

*Carr, Tabb & Pope, W. Pitts Carr, David H. Pope,* for appellant. *Michael J. Bowers, Attorney General, Warren R. Calvert, Daniel M. Formby, Senior Assistant Attorneys General, Harold D. Melton, Assistant Attorney General,* for appellee.