A97A0392. DeKALB COUNTY v. GENUINE PARTS COMPANY.
A97A0400, A97A0499. DeKALB COUNTY v. ATLANTA MOTOR LINES; and vice versa.
(484 SE2d 57)

JOHNSON, Judge.

Genuine Parts Company, a Georgia corporation, owns a fleet of trucks and trailers which, through one of its divisions, regularly travel throughout the United States distributing auto parts. Atlanta Motor Lines, Inc. is also a Georgia corporation which operates a fleet of motor common carriers with terminals throughout the southeastern United States. Genuine Parts and Atlanta Motor Lines brought suit against DeKalb County seeking refunds, pursuant to OCGA § 48-5-380, of ad valorem taxes paid on the vehicles. Genuine Parts seeks a refund for the 1993 and 1994 tax years; Atlanta Motor Lines seeks a refund for 1993, 1994 and 1995. Genuine Parts and Atlanta Motor Lines ("appellees") assert they are entitled to refunds because the vehicles acquired tax situses in states other than Georgia and should not have been subject to the unapportioned value of the vehicles assessed by and paid to DeKalb County.

The trial court granted appellees' motion for partial summary judgment allowing them to proceed under the refund statute for the 1993 and 1994 tax years only, but reserving the issue of entitlement to apportionment for determination at trial. DeKalb County appeals, asserting that appellees, having failed to follow the appeal procedures provided by OCGA § 48-5-311, are barred from proceeding under OCGA § 48-5-380. We agree.

*Case Nos. A97A0392 and A97A0400*

1. Because these appeals are identical, we will treat DeKalb County's appeal from the ruling permitting Genuine Parts to proceed under OCGA § 48-5-380 (Case No. A97A0392) and the ruling permitting Atlanta Motor Lines to proceed under the same statute (Case No. A97A0400) together. In its order granting partial summary judgment to appellees, the trial court pointed out that the Georgia Supreme Court of Georgia's ruling in *East West Express v. Collins*, 264 Ga. 774 (449 SE2d 599) (1994), clarified the procedure for obtaining apportionment of ad valorem taxes, and found that appellees' claim for a refund falls within one of the exceptions set out in *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Limited Partnership*, 265 Ga. 645 (458 SE2d 632) (1995). DeKalb County argues that *East West* did not change existing law and that the trial court erred in finding that appellees' claim for a refund falls within one of the exceptions in *Gwinnett County*. We agree.

In *East West Express*, supra, the Supreme Court of Georgia considered whether OCGA §§ 48-5-442 through 48-5-445 and OCGA § 48-5-471 provided for apportionment of ad valorem taxes on motor vehicles engaged in interstate commerce. The Court noted that while those provisions of the Georgia Code did not expressly *provide* for apportionment of ad valorem taxation of motor vehicles, as did statutes relating to other types of property used in interstate commerce such as aircraft and railroad cars, neither did the statutes expressly *prohibit* such apportionment, and upheld the constitutionality of the Georgia scheme.[1] The Court observed that an appeal procedure for challenging assessed valuation of motor vehicles already existed in OCGA § 48-5-311, concluding that "the owner of a motor vehicle used in interstate commerce may obtain apportionment of ad valorem taxes on such a motor vehicle by demonstrating to the local taxing authority, in the course of an appeal under OCGA § 48-5-311 challenging the assessed value of the vehicle, that the motor vehicle has acquired a tax situs in one or more other states." *East West Express*, supra at 777 (2). The decision in *East West Express* did not change the law in Georgia which had never prohibited the challenging of an unapportioned local ad valorem assessment of a vehicle engaged in interstate commerce. As the Court pointed out, "the U. S. Supreme Court has ruled that the Due Process and Commerce Clauses of the United States Constitution require that ad valorem tax on property

---

[1] Even if the Supreme Court of Georgia had found the scheme for assessing ad valorem taxes on motor vehicles unconstitutional, Genuine Parts' claim for a refund would still not be assured. See *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609, 614 (7) (437 SE2d 782) (1993); *Reich v. Collins*, 263 Ga. 602 (437 SE2d 320) (1993).

engaged in interstate commerce must be apportioned if the taxpayer bears its burden of demonstrating that its property has acquired a tax situs in another state ([cit.]).'' Id. at 775 (1).[2] The *East West Express* case unquestionably clarified Georgia law in this area, but we have no reason to believe that, prior to that decision, companies regularly engaged in interstate commerce, or the tax consultants hired by them, were unaware that these assessments may have been entitled to apportionment.

In *Gwinnett County*, supra, the Supreme Court examined the differing legislative purposes of OCGA § 48-5-311, "to provide the most expeditious resolution of a taxpayer's dissatisfaction with an assessment," and OCGA § 48-5-380, which "protect[s] taxpayers from later-discovered defects in the assessment process which have resulted in taxes being 'erroneously or illegally assessed and collected.' " Id. at 646. The Supreme Court then differentiated "erroneous or illegal" taxes within the contemplation of the refund statute from those claims for refunds based on an assertion that the assessors, although using correct procedures, did not take into account factual matters which should have been considered. "A claim based on mere dissatisfaction with an assessment, or an assertion that the assessors, although using correct procedures, did not take into account matters which the taxpayer believes should have been considered (e.g., different comparable sales for the purpose of establishing value), is not, however, one which asserts that an assessment is erroneous or illegal within the meaning of § 48-5-380." Id. at 647. DeKalb County argues that appellees failed to inform the county of the interstate use of the vehicles, a matter which it would have taken into account in determining the taxes assessed. This is precisely the type of challenge which cannot be asserted in an action for a refund.

In addition to challenging the unapportioned assessment under OCGA § 48-5-311, Georgia law provides other avenues of review available to an aggrieved taxpayer challenging the validity of a tax prior to remittance of taxes. However, appellees failed to pursue any of these avenues. See *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609 (437 SE2d 782) (1993). We conclude that the trial court erred in allowing appellees to proceed under OCGA § 48-5-380 for a refund of a portion of the ad valorem taxes they paid on motor vehicles in 1993 and 1994.

---

[2] "[T]angible property for which no tax situs has been established elsewhere may be taxed to its full value by the owner's domicile. . . . [T]he burden is on the taxpayer who contends that some portion of its total assets are beyond the reach of the taxing power of its domicile to prove that the same property may be similarly taxed in another jurisdiction." (Citations omitted.) *Central R. Co. &c. v. Pennsylvania*, 370 U. S. 607, 612-613 (82 SC 1297, 8 LE2d 720) (1962).

*Case No. A97A0499*

2. In Case No. A97A0499, Atlanta Motor Lines appeals from the denial of its motion for partial summary judgment regarding its entitlement to a refund of a portion of the 1995 ad valorem taxes paid. For the reasons articulated in Division 1, the trial court correctly denied Atlanta Motor Lines' motion for partial summary judgment.

*Judgment affirmed in Case No. A97A0499. Judgments reversed in Case Nos. A97A0392 and A97A0400. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1997 — 

*Jonathan A. Weintraub, Joan F. Roach, Howard W. Indermark,* for DeKalb County.

*Smith, Gambrell & Russell, John A. Blackmon, Edward H. Wasmuth, Jr., Arthur B. Seymour,* for Genuine Parts Company and Atlanta Motor Lines.