A97A1163. NATIONAL HEALTH NETWORK, INC. v. FULTON
COUNTY et al.
(492 SE2d 333)

SMITH, Judge.

Pursuant to OCGA § 48-5-380, National Health Network, Inc. filed an action for a refund of ad valorem taxes it paid for tax year 1991 on real property it owned in Fulton County. The trial court granted the county's motion for summary judgment, and National Health Network appeals. We agree with the trial court that National Health has not met the requirements for a refund action pursuant to OCGA § 48-5-380, and we therefore affirm the judgment.

The record shows that National Health did not protest or appeal the county's valuation of its property in 1991, but instead paid its real estate taxes of $35,421.95 on the property in issue, based upon the county's valuation of the property at $1,853,000. In 1992, the county again valued the property at $1,853,000, but National Health appealed that valuation. It conditionally withdrew the appeal contingent upon the Joint City-County Board of Assessors setting the fair market value at $1,093,400, and the Joint Board did so. In 1993, the property was valued at $1,769,300, and National Health again appealed. The Board of Equalization reduced the fair market value to the previous year's valuation of $1,093,400. In 1994, National Health valued the property at $1,093,400 in its tax return for that year. The Board of Tax Assessors accepted that valuation, and no Notice of Assessment Change was issued for that year.

In October 1994, National Health first asserted its claim for a refund for tax year 1991, contending that the fair market value of the property for that tax year had been determined erroneously and that the property had been overvalued. The county refused to change the

valuation, and National Health filed this action pursuant to OCGA § 48-5-380 (c).

1. National Health contends the trial court erred in granting the county's motion for summary judgment because genuine issues of material fact remain for jury resolution and the county is not entitled to judgment as a matter of law. We do not agree.

In general, two procedures exist for challenging the assessment of property for tax purposes: an appeal, pursuant to OCGA § 48-5-311, and a refund action, pursuant to OCGA § 48-5-380. In *Gwinnett County v. Gwinnett I Ltd. Partnership*, 265 Ga. 645 (458 SE2d 632) (1995), the Supreme Court held that the appeal procedure provided for in OCGA § 48-5-311 was intended by the Legislature to be "the most expeditious resolution of a taxpayer's dissatisfaction with an assessment, preferably before taxes are paid," and all issues affecting valuation are within the scope of that procedure. Id. at 646. The Supreme Court held that the refund procedure set forth in OCGA § 48-5-380, on the other hand, was designed to protect taxpayers from "later-discovered defects" in the assessment process. Id. The circumstances under which such a refund action could be pursued when an appeal pursuant to OCGA § 48-5-311 had not been previously taken, therefore, were severely limited. In the absence of a timely appeal, a refund procedure is available only "[i]f the taxpayer alleges that the assessment is based on matters of fact in the record which are inaccurate, or that the assessment was reached by the use of illegal procedures." Id. at 647.

It is apparent that National Health has established neither a factual inaccuracy in the record nor a procedural illegality entitling it to avail itself of the refund procedure. National Health argues that the property record card for 1991 maintained by the county for the subject property constitutes the "record," and the county's inability to locate and produce this card constitutes the type of inaccuracy that entitles it to bring a refund action.[1] This is incorrect. The taxpayer bears the burden of showing an inaccuracy in the record of the entire assessment procedure; the refund action becomes available only when the taxpayer actually demonstrates that the record of the proceedings contains such a factual inaccuracy. The county's inability to produce a 1991 property record card for this property in response to discovery requests does not itself show an inaccuracy.

Furthermore, National Health has not argued that the method

---

[1] National Health states the card was not produced in discovery. The county disputes this, saying it did produce such a card in discovery, and filed the discovery with the court. The county produced a stamped copy of the discovery, but the discovery was never located in the clerk's office. Fulton County actually argues that it did not *use* such a card for 1991. The record was supplemented by consent to include the lost items.

of assessment was "illegal." Its complaint is that the operating income from the property was smaller in 1991 than in succeeding years and that consequently it is apparent that its property was overvalued in 1991. It also claims that the assessors failed to consider the existing use of the property in setting its value, as they were required to do by OCGA § 48-5-2 (3) (B). *Sibley v. Cobb County Bd. of Tax Assessors*, 171 Ga. App. 65, 69 (2) (318 SE2d 643) (1984). National Health may be correct on both counts, but such claims must be raised in an appeal. "A claim based on mere dissatisfaction with an assessment, or on an assertion that the assessors, although using correct procedures, did not take into account matters which the taxpayer believes should have been considered . . . is not . . . one which asserts that an assessment is erroneous or illegal within the meaning of § 48-5-380." *Gwinnett I*, supra at 647.

National Health's claim that the assessors' method of valuation was incorrect also fails. First, such issues must be raised in an appeal. *City of Atlanta v. North By Northwest Civic Assn.*, 262 Ga. 531, 535-536 (3) (422 SE2d 651) (1992). Second, it is well established that assessors are not limited to a particular method for determining valuation. *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726, 728 (279 SE2d 223) (1981).[2]

To prevail on its motion, the county, as the defendant, was required only to show the court an absence of evidence to support a necessary element of National Health's complaint. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). It did so by showing that National Health failed to establish either of the prerequisites for pursuing a refund action. The trial court therefore did not err in concluding that the county was entitled to judgment as a matter of law.

2. National Health contends the trial court erred in denying its motion to supplement the record before ruling on the motion for summary judgment. During oral argument on the motion before the trial court, passing mention was made of the similarity of the state tax refund procedure to that in the federal system. After the hearing but before the trial court entered its order, National Health moved the court to allow it to file a brief on that "issue" and to supplement the record.

We note that we find no ruling on this motion in the record. The burden is on the appellant to establish error by the record. We cannot consider statements in the briefs regarding actions that do not appear in the record. *Nodvin v. West*, 197 Ga. App. 92, 96-97 (3) (c) (397 SE2d 581) (1990). But even if the trial court actually denied the

---

[2] National Health also appears to argue that the Supreme Court may have incorrectly interpreted the relevant statute in *Gwinnett I*. Nevertheless, we are, of course, bound by the Supreme Court's holdings, as discussed infra in Division 2.

motion, it was not error. The thrust of the argument National Health sought to have the trial court consider was that the Supreme Court had incorrectly interpreted the refund statute in *Gwinnett I*, based upon its similarity to analogous federal statutes. But both the trial court and this Court "are constitutionally bound by the decisions of our own Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI." *Williamson v. Ward*, 192 Ga. App. 857, 858 (1) (386 SE2d 727) (1989).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 23, 1997 —

*W. Wheeler Bryan, Scott M. Dixon*, for appellant.
*Thomas A. Cox, Jr., Jacqueline S. Groover*, for appellees.