A03A1838. TRANS LINK MOTOR EXPRESS, INC.
v. DOUGHERTY COUNTY et al.
(592 SE2d 859)

RUFFIN, Presiding Judge.

Trans Link Motor Express, Inc. (Trans Link) sued Dougherty County and the Dougherty County Tax Commission (collectively, Dougherty County), challenging Dougherty County's decision denying Trans Link's request for a refund for ad valorem taxes it paid in 1998 and 1999. The trial court denied Trans Link's motion for sum-

---

[2] There is no allegation here of fraud by Turner which would toll the statute. *Hunter, Maclean, Exley & Dunn,* supra.

mary judgment and granted summary judgment to Dougherty County. Trans Link appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] On appeal, we review the grant of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.[2]

Viewed in this manner, the record shows that Trans Link is a trucking company that does some interstate hauling. Georgia's administrative rules and regulations allow trucking companies to file for apportionment and document their mileage so that they are taxed only for the percent of mileage they operate within Georgia.[3] In 1998 and 1999, respectively, Trans Link paid $36,312.28 and $34,023.82 in ad valorem taxes. Trans Link did not request apportionment for 1998 and 1999.

In 2000, Trans Link filed for apportionment. At the same time, it requested apportionment for 1998 and 1999, and it sought a refund for those years. Dougherty County denied Trans Link's request for a refund.

Trans Link subsequently filed suit and sought summary judgment on grounds that the tax commission made an erroneous and/or illegal tax assessment of Trans Link's ad valorem taxes in 1998 and 1999. Dougherty County filed a cross-motion for summary judgment, arguing that Trans Link's claim was time-barred because it failed to file an appeal within 45 days of the tax assessment pursuant to OCGA § 48-5-311. The county further argued that Trans Link did not timely file the appropriate documents to support apportionment.

The trial court denied Trans Link's motion for summary judgment, but granted summary judgment to Dougherty County. The court found that it was undisputed that Trans Link did not file for apportionment in 1998 or 1999, as required by Ga. Comp. R. & Regs. r. 560-11-7-.02, and that it did not appeal its ad valorem assessment within 45 days of the assessment in either year, pursuant to OCGA § 48-5-311. Trans Link appeals, arguing that OCGA § 48-5-380, which allows a taxpayer to seek a refund up to three years after paying an erroneous or illegal tax, applies here, not OCGA § 48-5-311. We disagree.

"Any owner seeking apportionment of ad valorem assessments on motor vehicles and trailers used in interstate commerce shall file form PT-95 with the tax commissioner at the time the motor vehicle

---

[1] See *Villareal v. TGM Eagle's Pointe*, 249 Ga. App. 147 (547 SE2d 351) (2001).
[2] Id.
[3] See Ga. Comp. R. & Regs. r. 560-11-7-.03 (1).

registration form is submitted."[4] The tax commissioner may also require accompanying documentation, including but not limited to evidence that ad valorem taxes were paid to another state, evidence that highway use or motor fuel taxes were paid to another state, or evidence of individual or fleet vehicle mileage records.[5] The regulations require that the tax commissioner consider this evidence, make the initial determination as to whether the value of the motor vehicle should be apportioned, and make the assessment accordingly.[6] Pursuant to OCGA § 48-5-311, a taxpayer may appeal an assessment "as to [the] matters of taxability, uniformity of assessment, and value" by filing a notice of appeal within 45 days.

In contrast, OCGA § 48-5-380 allows a taxpayer to file a claim for a refund within three years after the date of the payment of the tax "[i]n any case in which it is determined that an erroneous or illegal collection of any tax . . . has been made . . . or that a taxpayer has voluntarily or involuntarily overpaid any tax." "A claim based on mere dissatisfaction with an assessment, or on an assertion that the assessors, although using correct procedures, did not take into account matters which the taxpayer believes should have been considered . . . is not . . . one which asserts that an assessment is erroneous or illegal within the meaning of [OCGA] § 48-5-380."[7] Here, Trans Link claims that the assessments are "erroneous," but the crux of its argument is simply that the wrong amount was collected because the county did not take into account Trans Link's interstate mileage, which Trans Link did not report until 2000. This is precisely the type of challenge which cannot be asserted in an action for a refund under OCGA § 48-5-380.[8]

It is undisputed that Trans Link did not timely file the appropriate documentation for apportionment, nor did it appeal the 1998 or 1999 assessment within 45 days, as required by OCGA § 48-5-311.[9] Thus, we agree with the trial court that the county is entitled to summary judgment, and accordingly, we affirm.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

---

[4] Ga. Comp. R. & Regs. r. 560-11-7-.04 (1).

[5] Ga. Comp. R. & Regs. r. 560-11-7-.04 (2).

[6] Ga. Comp. R. & Regs. r. 560-11-7-.04 (3).

[7] *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645, 647 (458 SE2d 632) (1995); see also *DeKalb County v. Genuine Parts Co.*, 225 Ga. App. 376, 378 (484 SE2d 57) (1997).

[8] See id.

[9] Trans Link asserts that the required PT-95 forms were not available in the tax commissioner's office until 2000. Even assuming this assertion is true, which the county disputes, the availability of the forms is irrelevant to Trans Link's ability to timely appeal the assessments pursuant to OCGA § 48-5-311.

Decided December 30, 2003.

*Langley & Lee, Carl R. Langley, Christina L. Folsom,* for appellant.

*William S. Lee IV, Peter R. Olson,* for appellees.